ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SON H. PHAM, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:10-CV-509-Y |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Son H. Pham, TDCJ #1386788, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Gatesville, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. Factual and Procedural History

On August 16, 2006, a jury found petitioner guilty of assault causing bodily injury to a family member in the 371st District Court of Tarrant County, Texas, Case No. 1022380R, and the trial court assessed his punishment at 17 years' imprisonment. (Clerk's R. at 124) The Second District Court of Appeals of Texas affirmed the trial court's judgment, and, on August 20, 2008, the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review. *Pham v. Texas*, No. 02-06-297-CR, slip op. (Tex. App.–Fort Worth Jan. 3, 2008) (not designated for publication); *Pham v. Texas*, PDR No. 102-08. Petitioner did not seek writ of certiorari. (Pet. at 3; Resp't Preliminary Resp. at 4)

On December 31, 2008, petitioner filed his first state habeas application, which was denied without written order by the Texas Court of Criminal Appeals on February 18, 2009. *Ex parte Pham*, Appl. No. WR-71,484-01, at cover. Petitioner filed his second state habeas application on December 15, 2009, which was dismissed as successive by the Texas Court of Criminal Appeals on February 10, 2010. *Id.*, Appl. No. WR-71,484-02, at cover. Petitioner filed this federal petition for writ of habeas corpus on July 21, 2010. As ordered, the state has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which petitioner did not timely reply.

## D. Statute of Limitations

Respondent asserts the petition is time-barred under 28 U.S.C. § 2244(d), which imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. (Resp't Preliminary Resp. at 3-9) 28 U.S.C. § 2244(d). Section 2244(d) provides:

2

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

In this petition, petitioner challenges his 2006 conviction on three grounds. (Pet. at 4-5) Thus, under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the trial court's judgment of conviction became final upon expiration of the time that petitioner had for seeking certiorari in the United States Supreme Court on November 18, 2008, thereby triggering the limitations period, which expired one year later on November 18, 2009. *See Id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1; *Gonzalez v. Thaler*, 623 F.3d 222, 224 (5th Cir. 2010).

3

Petitioner's first state habeas application operated to toll the limitations period 49 days, making his petition due on or before January 6, 2010. 28 U.S.C. § 2244(d)(2). Petitioner's second state habeas application operated to further toll the limitations period 57 days, making his petition due on or before March 4, 2010. *Id.* Petitioner has not replied to respondent's preliminary response or otherwise asserted a valid reason for his failure to file his petition in a timely manner to justify equitable tolling of the limitations period, and the record reveals none. Equitable tolling is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Tolling as a matter of equity is warranted principally when the plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). There is no evidence of such circumstances in this case.

Petitioner's federal petition was due on or before March 4, 2010. His petition, filed on July 21, 2010, was filed beyond the limitations period and is untimely.

## II. RECOMMENDATION

Petitioner's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 22, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until December 22, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December \_\_\_1\_\_\_, 2010.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE